**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                          : Chapter 13
Cross, Andrea R.
    Debtors/ Respondents          : 20-11407

**Answer to Motion of**
**For Relief from Automatic Stay**

    Debtor, Andrea R. Cross, by and through her undersigned attorney, hereby provides the following answers to the Motion for Relief from Stay filed by FREEDOM MORTGAGE CORPORATION ("Movant").  These responses are made without prejudice to debtor's right to present additional facts or contentions at trial based upon information hereinafter obtained or evaluated. Debtor specifically reserves the right to supplement or amend her responses or present additional facts and contentions at a later date to any of the answers given.

    1.    Denied.  The allegation contained herein are directed to a party other than the answering debtor, and it is denied as no response is required.

    2.    Admitted in part.  It is admitted that Debtor and Francesca S. Cross, co-debtor are the owners of the premises 268 Delmar Street , Philadelphia, PA 19128. The remaining averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

    3.    Denied. The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

    4.    Denied.  The allegation contained herein are directed to a party other than the answering debtor, and it is denied as no response is required.

    5.    Denied as stated.  The filing of a bankruptcy petition immediately puts into effect the automatic stay, which prevents creditors from taking any further actions against the debtor or the debtor's property with respect to claims arising prior to commencement of the case. See 11 U.S.C. Section 362.  By way of further answer, the allegation contained herein are directed to a party other than the answering debtor, and they are denied as no response is required.   Proof thereof is demanded.

    6. -8.    Denied.  Debtor can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement.  Strict proof is hereby demanded.

    9.    The allegation is a legal conclusion of law to which no answer is required. To the extent an answer may be appropriate, the allegations are denied, and the debtor aver, on the contrary, that there is a considerable amount in equity in the subject

property and Movant's interests are adequately protected.  Further, it appears that the movant is "dual tracking" the Debtor.  The subject mortgage is a VA loan (see Proof of claim No. 9).  On July 29, 2021, Movant through its counsel filed a "Supplemental Proof of Claim for CARES Forbearance Claim".  (See Docket No. 45).  Since on or about September 28, 2021, Debtor has remained in direct contact with Movant, she submitted a mortgage loan modification and she has recently confirmed with Movant, said application remains and is pending review.

      10.  Debtor can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement.  Strict proof is hereby demanded.

For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtor prays that the motion be denied, and granting such other relief as is just and proper.  The Debtor specifically reserves the right to supplement the answer at or prior to the hearing thereon.

Dated:  March 8, 2022

"/s/" Mitchell J. Prince
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtor
P.O. Box 123
Narberth, PA 19072
(484) 588-5570